UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SHANNON ALLRED,

    Plaintiff,

v.                                                Case No:   6:19-cv-726-Orl-31TBS

CARY W. GRAHAM and THE
REFINISHING COMPANY, LLC,

    Defendants.

## ORDER

This matter comes before the Court on Plaintiff's Motion to Strike Defendant Cary W. Graham's Answer (Doc. 13). On April 17, 2019, Plaintiff Shannon Allred sued her former employer, The Refinishing Company, LLC, and its owner/operator, Cary W. Graham, for alleged violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (Doc. 1). On May 28, 2019, Plaintiff filed a notice in which she advised the Court that Defendant Graham mailed an answer to the complaint directly to her instead of filing it on the public docket (Doc. 10). The answer is attached to the notice (Doc. 10-1). Plaintiff then moved for entry of a Clerk's default against the corporate Defendant, which was entered on June 5, 2019 (Doc. 12). Now, Plaintiff asks the Court to strike Graham's answer as violative of Federal Rule of Civil Procedure 8. Plaintiff argues that Graham simply complained about her and threatened to countersue instead of admitting or denying each of the forty-two paragraphs in the complaint (Doc. 13 at 2).

"A pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Likewise, an answer is expected to contain, "in short and plain terms, [a party's] defenses to each

claim asserted against it; and [the admission or denial of] the allegations asserted against it by an opposing party." Id. at 8(b)(1).

A general denial is one that simply "denies the existence of plaintiff's cause of action" as opposed to "admitting its existence and seeking to avoid it by way of an affirmative defense." 61A Am. Jur. 2d Pleading § 349. A general denial is only appropriate where "the pleader intends in good faith to controvert all the averments of the [complaint]." Spencer v. Coventry Health and Life Ins. Co., Civil Action No. 07-0847-WS-M, 2007 WL 4577647, at * (S.D. Ala. Dec. 27, 2007); DeLeon v. Nat. Painting & Waterproofing, Inc., No. 2:12-cv-92-FtM-29SPC, 2012 WL 1232099, at *1 (M.D. Fla. April 12, 2012) ("[A] Party that 'intends to in good faith to deny all of the allegations in a pleading may do so by a general denial" ... Thus, the general denial issued by the [defendant] on his own behalf will be accepted as an answer and denial of the allegations.").

Graham's answer denies owing Plaintiff any unpaid wages, as of April 10, 2019 (Doc. 10-1). Attached to the answer is a copy of a check dated a week before the complaint, made out to Plaintiff, for the amount Graham says the parties agreed on to settle Plaintiff's claims (Id. at 2-3). Graham alleges that Plaintiff cashed the check on April 17, the same day she filed her complaint (Id. at 3). Based on the foregoing, and because Graham is appearing pro se, the Court accepts Graham's paper as an answer and general denial of the allegations asserted in Plaintiff's complaint. Accordingly, the motion to strike is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on July 2, 2019.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Counsel of Record
    Any Unrepresented Parties