UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**SHANNON ALLRED,**

        **Plaintiff,**

v.                                                                    Case No:   6:19-cv-726-Orl-37EJK

**CARY W. GRAHAM and THE**
**REFINISHING COMPANY, LLC,**

        **Defendants.**
_____/

## REPORT AND RECOMMENDATION

This cause comes before the Court *sua sponte*. To date, Plaintiff has failed to file a response to the Court's interrogatories or respond to the Order to Show Cause dated November 25, 2019. Upon consideration, I respectfully recommend that this action be dismissed without prejudice for want of prosecution.

**I.     BACKGROUND**

Plaintiff, represented by counsel, instituted this Fair Labor Standards Act ("FLSA") action against Defendants Cary W. Graham and The Refinishing Company, LLC, d/b/a The Refinishing Guys (collectively "Defendants"), alleging that Defendants compensated Plaintiff at a rate lower than the federal minimum wage and failed to compensate her for approximately 56.15 hours of work. (Doc. 1, ¶¶ 20, 25.) Plaintiff also asserts a Florida statutory claim for unpaid wages pursuant to Florida Statute § 448.

On May 28, 2019, Plaintiff filed a "Notice of Filing Answer," wherein she indicated that she received Graham's answer to the complaint on April 27, 2019 and attached a copy of Graham's answer. (Docs. 10, 10-1.) Plaintiff also moved for an entry of a Clerk's default as to The Refinishing Company (Doc. 11), which the Clerk entered on June 5, 2019 (Doc. 12.)

The Court entered an FLSA Scheduling Order wherein Plaintiff was directed to file answers to the Court's Interrogatories on or before October 30, 2019. (Doc. 21.) The Scheduling Order also states that "[d]ue to the volume of cases based on the FLSA, the Court expects strict adherence to these deadlines . . . . Failure to comply may result in the imposition of sanctions, including but not limited to the dismissal of the case and striking of pleadings." (*Id.* ¶ 9.) On Plaintiff's motion, the Court extended the deadline to respond to the Court's Interrogatories to November 13, 2019. (Docs. 22, 23.)

On November 22, 2019, Plaintiff's counsel moved to withdraw, citing irreconcilable differences between Plaintiff and Plaintiff's counsel. (Doc. 24, ¶ 1.) Upon granting the motion to withdraw, the Court entered an order advising Plaintiff of her responsibilities as a *pro se* litigant. (Docs. 25, 26.) Because Plaintiff had yet to file answers to the Court's interrogatories, the undersigned entered the Order to Show Cause on November 25, 2019. (Doc. 27.) In that Order, the undersigned directed Plaintiff to show good cause by December 9, 2019 why the undersigned should not recommend issuing sanctions, including, but not limited to, the dismissal of the action for failure to comply with this Court's Scheduling Order. (*Id.*) To date, Plaintiff has not filed a response to the Order to Show Cause or answers to the Court's Interrogatories.

## II.   STANDARD

Local Rule 3.10(a) provides:

> Whenever it appears that any case is not being diligently prosecuted the Court may, on motion of any party or on its own motion, enter an order to show cause why the case should not be dismissed, and if no satisfactory cause is shown, the cause may be dismissed by the Court for want of prosecution.

The decision to dismiss for want of prosecution is entirely within the Court's discretion. *See McKelvey v. A T & T Techs., Inc.*, 789 F.2d 1518, 1520 (11th Cir. 1986) (stating that dismissal for

want of prosecution is completely within the court's discretion and will only be reversed upon a finding of an abuse of discretion) (citing *Martin-Trigona v. Morris*, 627 F.2d 680, 682 (5th Cir. 1980)). Dismissal "should be imposed only in the face of a clear record of delay or contumacious conduct by the plaintiff." *Id.* As such, "[a] finding of such extreme circumstances necessary to support the sanction of dismissal must, at a minimum, be based on evidence of willful delay; simple negligence does not warrant dismissal." *Id.* (citing *Searock v. Stripling*, 736 F.2d 650, 653 (11th Cir. 1984); *E.E.O.C. v. Troy State University*, 693 F.2d 1353, 1354, 1357 (11th Cir. 1982)).

### III.   DISCUSSION

Based on the procedural posture this case, the undersigned concludes that Plaintiff's delay and unresponsiveness is willful. On November 25, 2019, the undersigned entered an Order advising Plaintiff of her obligations as a *pro se* litigant. (Doc. 26.) Therein, Plaintiff was cautioned "that she must abide by and comply with all orders of this Court. Failure to do so may result in sanctions, including the striking of pleadings." (*Id.* at 3.) A similar warning was reiterated in the Order to Show Cause. (Doc. 27) ("Plaintiff is ordered to show cause . . . why the undersigned should not recommend . . . the dismissal of this action."). At this point, Plaintiff has failed to comply with the Court's orders and has not otherwise made a showing indicating that she wishes to proceed with the prosecution of this action.

## IV. RECOMMEDATION

Upon consideration of the foregoing, I **RESPECTFULLY RECOMMEND** that Plaintiff's Complaint (Doc. 1) be dismissed for want of prosecution pursuant to Local Rule 3.10.

### NOTICE TO PARTIES

A party has **fourteen days** from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on January 9, 2020.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Parties